# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SHUMAN, et al., | ) | CASE NO. 19-cv-2170 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER OF |
| HOME DEPOT, U.S.A., Inc., | ) | REMAND |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motions of plaintiffs, John and Cheryle Shuman ("plaintiffs" or the "Shumans"), for leave to amend their complaint (Doc. No. 20 ["Mot. to Amend"]) and to remand (Doc. No. 21 ["Mot. to Remand"]). Defendant, Home Depot, U.S.A., Inc. ("defendant" or "Home Depot"), has not opposed either motion. For the reasons that follow, both motions are GRANTED.

Defendant removed this case on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 ["Notice"].) Section 1332 provides for original federal jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

The Shumans now request leave to file their first amended complaint, which will add an additional defendant, resulting in a loss of diversity[1] and requiring the case be remanded to the Stark County Court of Common Pleas, where it originally commenced. Specifically, the Shumans wish to add, as a defendant, The Cottage Gardens, Inc. ("Cottage Gardens") who they allege "was connected to [p]laintiffs' injuries…." (Mot. to Remand at 109.)[2] Plaintiffs concede that they were aware early in the case that Cottage Gardens was a "potential defendant" (*Id.* at 108) but it was not until discovery that the Shumans "confirm[ed] the identity of Cottage Gardens and confirm[ed] that it had involvement … in the conduct giving rise to [p]laintiffs' injuries." (*Id.* at 109.)

Amendments to pleadings are generally governed by Fed. R. Civ. P. 15, which allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one (21) days of a defendant's answer or dispositive motion and, thereafter, with leave of the court. Fed. R. Civ. P. 15(a)(1)(B) & (a)(2). When leave is sought pursuant to Rule 15(a)(2), the court should freely grant it when justice so requires. Fed. R. Civ. P. 15(a)(2). But, "when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction,

---

[1] As a corporation, Cottage Gardens has dual citizenship for purposes of diversity jurisdiction. It is a "citizen of every State … by which it has been incorporated and of the State … where is has its principal place of business…." 28 U.S.C. 1332. A corporation's principal place of business is "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities"—its "nerve center." *Hertz Corp. v.* Friend, 599 U.S. 77, 80–81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Shumans have provided documentation sufficient to establish that Cottage Gardens is incorporated in, and therefore a citizen of, Michigan. (*See* Doc. No. 21 at 115). They have also established that Cottage Gardens' principal place of business is in Ohio. The company's key executives, including the president, treasurer, and secretary, are headquartered in Perry, Ohio. (Doc. No. 21 at 115–16.) As such, Cottage Gardens is a citizen of Michigan pursuant to its incorporation and a citizen of Ohio under the "nerve center" test. Defendants have not attempted to refute the Shumans' assertions and "any doubt should be resolved in favor of remand." *Harris v. Physicians Mut. Ins. Co.*, 240, F. Supp. 2d 715, 718 (N.D. Ohio 2003).

[2] All page number references herein are to the page identification number generated by the Court's electronic docketing system.

Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Grp.*, LLC, No. 13-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citing 28 U.S.C. § 1447(e)). Section 1447 states that if, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. 1447(e). In other words, a district court may exercise its discretion to deny a motion to join a non-diverse defendant whose joinder would destroy federal jurisdiction. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016).

Courts in the Sixth Circuit use a four-factor test when considering a motion to amend under § 1447(e): "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend [was] denied, and (4) any other equitable factors." *Telecom Decision Makers*, 654 F. App'x at 221 (citations omitted). The four-factor test is intended to aid courts in determining when a motion to amend is made for an improper purpose. *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 824 (N.D. Ohio 2008). As such, courts pay particular attention to factor one—whether the amendment is *intended* to destroy federal jurisdiction.

Here, the first factor weighs in favor of granting the motion. This is not a case in which plaintiffs seek to add a party for the sole purpose of destroying federal jurisdiction. The record reflects that there has been a good-faith question whether Cottage Gardens was a proper defendant for some time. During the case management conference, on November 18, 2019, the Court modified the deadline to add parties or amend the pleadings because the parties were

aware of another potential defendant. While joining Cottage Gardens will divest this Court of jurisdiction, the Court finds that is not plaintiff's sole intent. Rather, the parties suspected that Cottage Garden should have been included as a defendant and that suspicion was confirmed during discovery. (*See* Mot. to Remand at 108–09.)

The second factor also weighs in favor of permitting the amendment. In their report of parties planning meeting, the parties proposed "30 days after discovery" (or May 2020) as the deadline for amending the pleadings or adding additional parties. (*See* Doc. No. 13 at 71–72.) However, the Court expedited the deadline for amending the pleadings—until January 31, 2020—because the parties anticipated potentially adding Cottage Gardens as a defendant. The present motions were filed well in advance of that deadline and, therefore, plaintiffs were not dilatory in filing their motions.

Finally, the third and fourth factors also counsel in favor of the amendment. In their proposed amended complaint, the Shumans assert that Cottage Gardens was a "direct and proximate cause" of plaintiffs' injuries. (Mot. to Amend at 102.) Thus, without amendment, this Court cannot afford the Shumans complete relief. As for the fourth factor—other equitable considerations—this case is still in its early stages. Discovery is ongoing and the deadline for filing dispositive motions is not until July 1, 2020. (*See* Doc. No. 16.)

The balance of equities in this case favors granting plaintiffs' motions. Accordingly, for all the foregoing reasons, the Shumans' motions to amend (Doc. No. 20) and to remand (Doc. No. 21) are GRANTED, and this case is REMANDED to the Stark County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: January 29, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**